1  DAVID P. GARDNER, ISB #8766
   WINSTON & CASHATT, LAWYERS, P.S.
2  dpg@winstoncashatt.com
   601 W. Riverside, Ste. 1900
3  Spokane, WA 99201
   (509) 838-6131 (p)
4  (509) 838-1416 (f)
5  Attorneys for Plaintiffs

6

7                  **UNITED STATES DISTRICT COURT**
8                   **FOR THE DISTRICT OF IDAHO**

9
   BRETT and BRENDA HABENICHT, husband
10 and wife and the marital community composed
   thereof;                                        No.
11
                                 Plaintiffs,   **VERIFIED COMPLAINT FOR MONEY**
12                                             **DAMAGES AND FURTHER RELIEF**
13      vs.

14 RANDAL L. JOHNSON and JANE DOE
   JOHNSON, husband and wife and the marital
15 community composed thereof;
16                               Defendants.

17      Brett and Brenda Habenicht, as Plaintiffs in this matter, claim and allege as follows:

18                        **I. STATUS OF PARTIES**

19      1.1    <u>Status of Plaintiffs</u>. The Habenichts are a married couple residing in Washington

20 State. The Habenichts are the holders of the agreements described below and creditors of

21 Defendants.

22      1.2    <u>Status of Defendants</u>. Defendant Randal L. Johnson is believed to be a married man

23 residing in Ada County, Idaho. Defendant Jane Doe Johnson is believed to be Randal L. Johnson's

24 spouse, also residing in Ada County, Idaho. The Johnsons are indebted to the Habenichts pursuant

VERIFIED COMPLAINT
Page 1

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1  to the agreements described below. Hereinafter, the term "Defendants" shall refer to Mr. and Mrs.

2  Johnson and their marital community. The term "Johnson" shall refer only to Randal L. Johnson.

3      1.3    <u>Jurisdiction and Venue</u>. Defendants are residents of Ada County, Idaho, and all the

4  personal property at issue is located in Ada County. However, all acts and agreements alleged

5  herein occurred in Pierce County, Washington. Thus, venue is proper in the U.S. District Court for

6  the District of Idaho pursuant to 28 U.S.C. §1332(a)(1). Further, the amount in controversy in this

7  matter exceeds the statutory limit of $75,000.00, as required by 28 U.S.C. §1332(a).

8      1.4    <u>Military Service</u>. Upon information and belief, none of the Defendants are enlisted

9  in the Armed Forces of the United States of America.

10  **II. OBLIGATIONS OF DEFENDANTS**

11      2.1    The Habenichts reallege each preceding paragraph as if set forth here verbatim.

12  **A.**    **Promissory Note and Default.**

13      2.2    On April 30, 2009, Johnson, for good and valuable consideration, made, executed,

14  and delivered to the Habenichts a written Promissory Note in the original principal amount of

15  $125,000.00 together with annual interest thereon at a rate of 12.00% per annum (the "Note"). The

16  Note required an origination fee of $7,500.00 and monthly payments of $1,250.00. The Note's

17  maturity date was October 29, 2009. The Note provides for the imposition of, among other things,

18  late charges and attorneys' fees and costs. A true and accurate copy of the Note is attached hereto

19  and incorporated herein by this reference as **Exhibit A**.

20      2.3    Johnson entered into the Note on behalf and for the benefit of his marital

21  community.

22      2.4    The Habenichts disbursed $125,000.00 to Defendants on April 30, 2009, pursuant

23  to the Note.

24      2.5    Defendants did not pay the Note at maturity.

VERIFIED COMPLAINT
Page 2

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

**B.    Addendum and Default.**

2.6    On October 29, 2009, the Habenichts extended an additional $12,500.00 to Defendants pursuant to the terms of an oral agreement to extend the Note.

2.7    On November 12, 2009, Johnson, for good and valuable consideration, made, executed, and delivered to the Habenichts a written Addendum to the Note which extended the maturity date of the Note to January 15, 2010 (the "Addendum"). The Addendum required Defendants to continue monthly payments under the Note until the extended maturity date, where payment in full was required. All other terms and conditions of the Note remained in full force and effect. A true and accurate copy of the Addendum is attached hereto and incorporated herein by this reference as **Exhibit B**.

2.8    Defendants did not pay the Note at maturity pursuant to the Addendum.

2.9    On July 24, 2014, the Habenichts brought suit against Defendants in Pierce County Superior Court, seeking to enforce the Note and Addendum and obtain a money judgment based upon Defendants' defaults. That suit was dismissed without prejudice on October 5, 2015.

**C.    Settlement Agreement and Default.**

2.10    On May 11, 2015, Johnson, for good and valuable consideration, made, executed, and delivered to the Habenichts a written Settlement Agreement and Conditional Release (the "Settlement Agreement"). The Settlement Agreement resolved the claims of the parties relating to the Note and Addendum on the condition that Defendants make certain payments to the Habenichts. The Settlement Agreement also provides for the imposition of late fees and attorneys' fees and costs. A true and accurate copy of the Settlement Agreement is attached hereto and incorporated herein by this reference as **Exhibit C**.

2.11    Defendants did not make the payments required under the Settlement Agreement and are in default.

VERIFIED COMPLAINT
Page 3

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1   2.12   As of June 29, 2019, Defendants' failures to pay pursuant to the Note, Addendum,

2   and Settlement Agreement (together, the "Loan Documents") have damaged the Habenichts in an

3   amount not less than **$96,543.81**, including principal in the amount of $40,898.71, interest in the

4   amount of $43,153.60, late fees in the amount of $5,062.50, and attorney fees in the amount of

5   $7,429.00. Interest, late fees, and attorney fees and costs continue to accrue. A true and accurate

6   accounting is attached hereto and incorporated herein by this reference as **Exhibit D**.

7   **III. CAUSE 1: BREACH OF CONTRACT**

8   3.1   The Habenichts reallege each preceding paragraph as if set forth here verbatim.

9   3.2   Defendants' promises to repay the loans made by the Habenichts in full when due,

10   which were reduced to writing in the Loan Documents, are valid and binding contracts. The

11   Habenichts have fully performed or are excused from performing all of their obligations under

12   those contracts.

13   3.3   Defendants have each materially breached the terms of the Loan Documents by,

14   among other things, failing and refusing to pay the sums due in full when due, as well as thereafter

15   upon demand.

16   3.4   As a result of Defendants' material breaches, the Habenichts have been injured and

17   damaged in an amount not less than **$96,543.81**, plus pre- and post-judgment interest thereon at

18   the contractual rates set forth in the Loan Documents, fees and charges due under the Loan

19   Documents, reasonable attorneys' fees and costs of collection, and commercially reasonable costs

20   and expenses incurred in the repossession, recovery, storage, repair, and sale of any collateral

21   securing the loans.

22   **IV. CAUSE 2: UNJUST ENRICHMENT**

23   4.1   The Habenichts reallege each preceding paragraph as if set forth here verbatim.

24

VERIFIED COMPLAINT
Page 4

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

4.2     The Habenichts conferred a benefit upon Defendants by advancing the funds under Loan Documents, which allowed Defendants to continue the businesses and/or fund their lifestyle.

4.3     Defendants were and are each aware of the benefits conferred upon them by the Habenichts in making the various loans described herein, and have each retained those benefits under circumstances that make it inequitable or unjust to do so without reasonable compensation to the Habenichts.

4.4     As a result of Defendants' retention of the benefits conferred by the Habenichts in making the loans, the Habenichts have been injured in an amount not less than **$96,543.81**, plus pre- and post-judgment interest thereon at the contractual rates set forth in the Loan Documents, fees and charges due under the Loan Documents, reasonable attorneys' fees and costs of collection, and commercially reasonable costs and expenses incurred in the repossession, recovery, storage, repair, and sale of any collateral securing the loans.

## V. PRAYER FOR RELIEF

WHEREFORE, the Habenichts pray for relief and judgment as follows:

5.1     <u>Money Judgment</u>. That the Habenichts have judgment jointly and severally against Defendants Randal L. Johnson and Jane Doe Johnson, and the marital community composed thereof, on the indebtedness due under the Loan Documents, in the total amount of not less than **$96,543.81**, together with interest, fees, and costs accruing to the date of entry.

5.2     <u>Award of Fees and Costs</u>. That the Habenichts be awarded their costs and attorneys' fees in pursuing this action and collecting thereon, as against all Defendants, as provided in the various Loan Documents.

5.3     <u>Post-Judgment Interest</u>. That the Habenichts be awarded post-judgment interest, as against all Defendants, at the maximum amount provided by Idaho law.

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1       5.4     The Habenichts also pray for such other and further relief as the Court deems just

2   and proper.

3       DATED this _10th_ day of July, 2019.

4

5                       DAVID P. GARDNER, ISB #8766

6                       WINSTON & CASHATT, LAWYERS, P.S.
                        Attorneys for the Habenichts

7       I certify under penalty of perjury, pursuant to 28 U.S.C. §1746 and the laws of the United

8   States of America, that the foregoing is true and correct to the best of my knowledge and belief
    after a reasonable inquiry.

9

10

11                      BRETT HABENICHT
                        Dated: _7-8-19_

12

13                      BRENDA HABENICHT

14                      Dated: _7-8-19_

15

16

17

18

19

20

21

22

23

24

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

## Promissory Note April 29, 2009

The undersigned (the "Borrower") promises to pay to the order of Brett and Brenda Habenicht (the "Lender") the sum of One Hundred Twenty Five Thousand ($125,000.00) Dollars, together with interest thereon at the rate of 12.0 % per annum on the unpaid balance and a one time loan application and origination fee in the amount of Seven Thousand Five Hundred ($7,500.00) Dollars.

This Note is executed in return for the following extension of credit from the Lender to the Borrower:

1. Parties

   "Borrower" means each person signing at the end of the Note, and the person's successors and assigns. "Lender" means Brett and Brenda Habenicht and its successors and assigns.

2. Borrower's Promise to Pay; Interest

   In return for a loan received from Lender, Borrower promises to pay the principal sum of One Hundred Twenty Five Thousand and No/100 Dollars (U.S. $125,000.00), plus interest, to the order of the Lender, at the rate of Twelve and No/100 percent (12.00%) per year until full amount of principal has been paid.

3. Promise to Pay Secured

   Borrower's promise to pay is secured by a Security Agreement that is dated the same date as the Note and called the Security Agreement. The Security Agreement protects the Lender from losses which might result if Borrower defaults under this Note.

4. Manner of Payment

   (A) Time

   Borrower shall make a payment of interest only to Lender on the 29th day of each month beginning on May 29, 2009. Any principal and interest remaining on the 29th day of October 2009, will be due on that date, which is called the "Maturity Date."

   (B) Place

   Payment shall be made at ~~Box~~ 23130 224TH ~~Ave~~ PL. SE, Suite 101 MAPLE VALLEY, WA or such place as Lender may designate in writing by notice to Borrower. 98038

   (C) Amount

   Each monthly payment of interest only will be in the amount of U.S. $1,250.00.

5. Borrower's Right to Prepay

   Borrower has the right to pay the debt evidenced by the Note, in whole or in part, without charge or penalty, on the 29th day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date.

6. Borrower's Failure to Pay

   (A)     Late Charge for Overdue Payments



EXHIBIT
A

if Lender has not received the full monthly payment required by the Security Agreement, as described in Paragraph 4(C) of this Note, by the end of the fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of Five and No/100 percent (5.00 %) of the overdue amount of each payment.

The Borrower and Lender agree that this Note shall automatically govern any future extension of credit, in any form, from the Lender to the Borrower, if such future extension of credit expressly states that it is subject to this Note.

All payments shall be first applied to interest and late charges, and the balance to principal. This note may be prepaid, at any time, in whole or in part, without penalty. This note shall be at the option of any holder thereof immediately due and payable upon the occurrence of any of the following: Failure to make any payment due hereunder within on or before its due date; breach of any condition of any security interest, mortgage, loan agreement, pledge agreement or guarantee granted as collateral security for this note; breach of any condition of any loan agreement, security agreement or mortgage, if any, having a priority over any loan agreement, security agreement or mortgage on collateral granted, in whole or in part, as collateral security for this note; upon the death, incapacity, dissolution or liquidation of any of the undersigned, or any endorser, guarantor or surety hereto; upon the filing by any of the undersigned of an assignment for the benefit of creditors, bankruptcy or other form of insolvency, or by suffering an involuntary petition in bankruptcy or receivership not vacated within thirty (30) days.

The undersigned and all other parties to this note, whether as endorsers, guarantors or sureties, agree to remain fully bound until this note shall be fully paid and waive demand, presentment and protest and all notices hereto and further agree to remain bound notwithstanding any extension, modification, waiver, or other indulgence or discharge or release of any obligor hereunder or exchange, substitution, or release of any collateral granted as security for this note. No modification or indulgence by any holder hereof shall be binding unless in writing; and any indulgence on any one occasion shall not be an indulgence for any other or future occasion. Any modification or change in terms, hereunder granted by any holder hereof, shall be valid and binding upon each of the undersigned, notwithstanding the acknowledgment of any of the undersigned, and each of the undersigned does hereby irrevocably grant to each of the others a power of attorney to enter into any such modification on their behalf. The rights of any holder hereof shall be cumulative and not necessarily successive. This note shall take effect as a sealed instrument and shall be construed, governed and enforced in accordance with the laws of the State of Washington.

The Borrower may prepay this Note in whole or in part without penalty.  In the event any payment due hereunder is not paid when due, the entire balance shall be immediately due and payable upon demand of the holder.  Upon default, the undersigned shall pay all reasonable attorney fees and costs necessary for the collection of this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in the Note.

Signed under seal this 5 0  day of APRIL , 200 9

Randal L. Johnson                                                        Borrower

2

## Security Agreement April 29, 2009

This open-ended security agreement ("Agreement") is made and effective this 29th day of April, 2009, by and between Randal L. Johnson , DBA: R.L. Johnson & Companies, LLC ("Borrower"), and Brett Habenicht and Brenda Habenicht ("Secured Party").

Borrower hereby grants to the Secured Party a security interest in certain property ("Collateral") of Borrower to secure such obligations as now are owed, and such obligations as in the future may be owed, by Borrower to the Secured Party. The Borrower and the Secured Party expressly agree that this Agreement shall automatically govern all existing obligations that the Borrower owes to the Secured Party, and all future obligations, in any form, from the Secured Party to the Borrower, without further action by either party, and without express reference to such obligations in this Agreement or in such obligations.

Secured Party and Borrower further agree as follows:

**1.** The following described property, together with all additions and substitutions to such property, and all proceeds therefrom, shall constitute the Collateral for this Agreement:

Real Property defined in Pierce County, State of Washington as follows:

Tax Parcel 800021-0190

Street Address of Property: 478 Mountain Circle, Buckley WA 98321

Lot 19, Meadow Mountain Circle Phase 1, According to Plat Recorded under Auditor's No. 9904305004, In Pierce County, State of Washington.

all inventory, equipment, appliances, furnishings, and fixtures now or hereafter placed upon the premises known as Personal Residence & place of Business for R.L. Johnson & Companies, LLC, located at 478 Mountain Circle, Buckley, Washington 98321(the "Premises") or used in connection therewith and in which Borrower now has or hereafter acquires any right. As additional collateral, Borrower assigns to Secured Party, a security interest in all of its right, title, and interest to any trademarks, trade names, contract rights, and leasehold interests which it now has or hereafter acquires. The Security Interest shall secure the payment and performance of Borrower's promissory note  dated herewith in the principal amount of One Hundred Twenty Five  Thousand ($125,000.00) Dollars and the payment and performance of all other liabilities and obligations of Borrower to Secured Party of every kind and description, direct or indirect, absolute or contingent, due or to become due now existing or hereafter arising.

**2.** Borrower shall keep and maintain, at its expense, complete records of the Collateral. Secured Party shall have the right at any time and from time to time, without notice, to call at Borrower's place of business during normal business hours to inspect the Collateral and to inspect the correspondence, books, and records of Borrower relating to the Collateral.

**3.** Borrower represents and warrants to Secured Party that, with respect to the Collateral, Borrower possesses and shall possess at all times while this Security Agreement is in effect, full, complete and unencumbered title to such goods, subject only to Secured Party's security interest hereunder, and liens, if any, for current taxes, assessments and other governmental charges are not delinquent; that the Collateral shall be kept at 478 Mountain Circle, Buckley Washington 98321, and Borrower shall not change the location of the Collateral without the prior written consent of Secured Party;  that Borrower shall not at any time cause or suffer any part of the

1

Collateral, or any interest in any of Collateral to be subject to any Security Interest other than that of Secured Party, except upon the written consent of the Secured Party; that Borrower shall defend the Collateral against the claims and demands of all persons other than Secured Party; that Borrower shall at all times promptly pay and discharge, at Borrower's expense, all taxes, assessments and other governmental charges which constitute or may become liens on the Collateral; that, at the request of Secured Party, at any time, Borrower shall execute such financing statements and other documents, pay such filing, recording and other fees, and do or cause to be done such other acts or things as Secured Party deems reasonably necessary to establish, perfect, and continue its security interest hereunder; and that Borrower shall pay all costs, expenses, charges and other obligations, including, without limitation, reasonable attorneys' fees, suffered or incurred by Secured Party to protect, preserve, maintain and obtain possession of or title to the Collateral, to perfect, protect, preserve and maintain the security interest granted by this Security Agreement, and to enforce or assert any one or more of its rights, powers, remedies and defenses under this Security Agreement.

4. Borrower shall be in default under this Security Agreement if Borrower fails timely to observe and perform any covenants, conditions or agreements required to be observed or performed by Borrower under this Security Agreement, or if Borrower defaults upon any material promise in the obligation. At any time upon or following the occurrence of one or more of the events of default, Secured Party may, at its option, assert or avail itself of any one or more of the rights, powers, remedies and defenses conferred upon Secured Party under the Uniform Commercial Code and other laws of the State of Washington, which laws shall generally govern the construction and interpretation of this Agreement, or assert or avail itself of any one or more of the rights, powers, remedies and defenses conferred upon Secured Party under any other appropriate law or regulation, whether federal or state. Any and all proceeds resulting from the disposition of all or any part of the Collateral following the occurrence of one or more events of default shall be applied to pay and provide for the Obligations of Borrower to Secured Party, with any balance remaining to be paid to Borrower or its successors and assigns, as their respective interests may appear.

5. The invalidity or un-enforceability of any provision in this Agreement shall not cause any other provision to be invalid or unenforceable.

6. This Agreement constitutes the final agreement and understanding between the parties on the subject matter hereof and supersedes all prior understandings or agreements whether oral or written. This Agreement may be modified only by a further writing that is duly executed by both parties.

2

Borrower and Secured Party have executed this Security Agreement on the date first above written.

Borrower:

Randal L. Johnson, DBA: R.L. Johnson & Companies, LLC          Manager/Member


SecuredParty

Brett Habenicht


SecuredParty

Brenda Habenicht

## Addendum #1

This Addendum #1, dated Monday, November 2, 2009 assigns the Borrow an extension to the terms and conditions set forth within that Promissory Note for an additional period of no greater than 76 days and/or a maturity date of no later than January 15, 2010.

All terms and conditions, including, but not limited to payment schedules, fees, interest and rates survive this extension and become a part of the Promissory Note.

Borrower has been presented Lender with 2 each interest payments with a total aggregate amount of $2,500.00 (two thousand five hundred dollars and no/100).  These payments are being retained by the Lender until such time Borrower notifies Lender the funds are available.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in the Note.

Signed under seal this 12th day of November, 2009.

_____        _____

Randal L. Johnson                                                                                        Borrower

11-12-09

11-12-07

3

EXHIBIT
B

## SETTLEMENT AGREEMENT AND CONDITIONAL RELEASE

This Settlement Agreement and Conditional Release ("Agreement") is entered into with an effective date of May 11, 2015 by and between (a) Brett and Brenda Habenicht ("Habenicht") and (b) Randall Johnson ("Johnson").  Collectively, Habenicht and Johnson shall be referred to as the "Parties."

### BACKGROUND

WHEREAS on or about April 30, 2009, Johnson executed a promissory note with Habenicht pursuant to which Johnson agreed to pay $125,000 plus interest at the rate of 12 percent (12%) per year until the full amount was paid.   A true and correct copy of the Promissory Note is attached as Exhibit A.

WHEREAS the Promissory Note executed between the parties was further secured by a Security Agreement, executed on or around April 29, 2009.  A true and correct copy of the Security Agreement is attached as Exhibit B.

WHEREAS on or about April 30, 2009, Habenicht disbursed to Johnson the sum of $125,000.

WHEREAS pursuant to the terms of the Promissory Note, Johnson was required to pay an origination fee of $7,500 and a $1,250 payment on the 29th day of every month, beginning on May 29, 2009 until October 29, 2002.  Any principal and interest remaining on the 29th day of October would be due on that date — which is called the "Maturity Date."

WHEREAS on or around November 12, 2009, the Parties executed an addendum ("Addendum No. 1") to the Promissory Note, assigning to Johnson a period not greater than 76 days to pay the remainder of the Note, thus making the maturity date January 15, 2010.

WHEREAS although Johnson did not make payment in full on the Maturity Date as amended by Addendum No. 1, Johnson did continue to make monthly payments until June 29, 2013.

WHEREAS Johnson failed to make payments to Habenicht as required after June 29, 2013.

WHEREAS Johnson has defaulted under the terms of the Promissory Note, Habenicht initiated a lawsuit in Pierce County Superior Court to collect on the entire principal balance and all accrued unpaid interest immediately due and payable in full, including all outstanding principal, interest, default interest, attorney's fees and costs all in an amount to be proven at trial.

WHEREAS since the initiation of the lawsuit the Parties have agreed to enter into this Settlement Agreement and Conditional Release of all claims as provided by the terms and conditions set forth below.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, Habenicht and Johnson hereby agree as follows:

1



EXHIBIT

C

tabbies

1. <u>Payment by Johnson</u>.  Johnson and Habenicht enter into an agreement in which Johnson agrees to pay Habenicht the total sum of Forty-Five Thousand Dollars ($45,000) (the "Settlement Payment") as provided herein, payable on a monthly basis in the amount of $700 per month ("Monthly Payment"), on a four-year note with a balloon payment at the end of the four year-term, with three percent (3%) interest on the unpaid balance.

   The Monthly Payment shall be made beginning on April 15, 2015 and shall be due on the 1st day of each month thereafter and shall be considered late on the 15th of the month, which shall then be subject to a 5% late fee.

   The Parties acknowledge and agree that they are solely responsible for paying any attorneys' fees and costs they incurred and that neither Party nor its attorney(s) will seek any award of attorneys' fees, unless there is a default by Johnson on payment pursuant to the terms of this Agreement.

2. <u>Taxes</u>.  Habenicht shall be solely responsible for, and is legally bound to make payment of, any taxes determined to be due and owing (including penalties and interest related thereto) by it to any federal, state, local, or regional taxing authority as a result of the Settlement Payment.  Habenicht understands that Johnson has not made, and does not rely upon, any representations regarding the tax treatment of the sums paid pursuant to this Agreement. Moreover, Habenicht agrees to indemnify and hold Johnson harmless in the event that any governmental taxing authority asserts against Johnson any claim for unpaid taxes, failure to withhold taxes, penalties, or interest based upon the payment of the Settlement Payment.

3. <u>Mutual Release</u>.  This Agreement resolves any claim for relief that could have been alleged, no matter how characterized, including, without limitation, compensatory damages, damages for breach of contract, bad faith damages, reliance damages, liquidated damages, damages for humiliation and embarrassment, punitive damages, costs and attorneys fees related to or arising from the breach of contract.

4. <u>No Outstanding or Known Future Claims/Causes of Action</u>.  Each Party affirms that it has not filed with any governmental agency or court any type of action or report against the other Party, and currently knows of no existing act or omission by the other Party that may constitute a claim or liability excluded from the release in paragraph 3 above.

5. <u>Acknowledgement of Settlement</u>.  The Parties, as broadly described in paragraph 3 above, acknowledge that (i) the consideration set forth in this Agreement, which includes, but is not limited to, the Settlement Payment, is in full settlement of all claims or losses of whatsoever kind or character that they have, or may ever have had, against the other Party, as broadly described in paragraph 3 above, including by reason of the breach of contract and (ii) by signing this Agreement, and accepting the consideration provided herein and the benefits of it, they are giving up forever any right to seek further monetary or other relief from the other Party, as broadly described in paragraph 3 above, for any acts or omissions up to and including the Effective Date, including, without limitation,

2

the breach of contract giving rise to this matter.

6. <u>Dismissal of Litigation</u>.  The Parties agree that the litigation initiated by Habenicht against Johnson, in Washington State Superior Court for Pierce County, Case No. 14-2-10835-0, shall be dismissed without prejudice.

   Should Johnson default on the terms of this Settlement Agreement by missing any payment as described above, or by indicating in any manner whatsoever that he intends to default, Habenicht will re-file the complaint with the Pierce County Superior Court, requesting all costs and performance of the original promissory note and security agreement as set forth in Exhibit A, including but not limited to attorneys fees and court costs.

7. <u>Agreement is Legally Binding</u>.  The Parties intend this Agreement to be legally binding upon and shall inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs and estates.  Moreover, the persons and entities referred to in paragraph 3 above, but not a Party, are third-party beneficiaries of this Agreement.

8. <u>Entire Agreement</u>.  The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement.  This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the parties hereto.

9. <u>New or Different Facts: No Effect</u>.  Except as provided herein, this Agreement shall be, and remain, in effect despite any breach of this Agreement or the discovery or existence of any new or additional fact, or any fact different from that which either Party now knows or believes to be true.  Notwithstanding the foregoing, nothing in this Agreement shall be construed as, or constitute a release of any Party's rights to enforce the terms of this Agreement.

10. <u>Interpretation</u>. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.  The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation.  Moreover, this Agreement shall not be construed against either Party as the author or drafter of the Agreement.

11. <u>Governing Law and Choice of Forum</u>.   This Agreement is made and entered into within and shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of Washington, without regard to the principles of conflicts of laws.  Any action to enforce this Agreement may be brought in the Superior Court of the State of Washington or in any court having jurisdiction.

3

12. Reliance on Own Counsel. In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations, of any kind have been made to them by the other Party. The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party or by that other Party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement or otherwise.

13. Counterparts. This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. A signed copy of this Agreement delivered by facsimile, e-mail or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Agreement.

14. Authority to Execute Agreement. By signing below, each Party warrants and represents that the person signing this Agreement on its behalf has authority to bind that Party.

15. Effective Date. The terms of the Agreement will be effective when an executed copy of this Agreement is delivered to said counsel for Habenicht as described in paragraph 1 above (the "Effective Date").

_____          _____
Brett Habenicht                           Randall Johnson

_____
Brenda Habenicht

## Habenicht/Johnson Note

| Compound Period | Monthly |
|---|---|
| Nominal Annual Rate | 12% |
| Effective Annual Rate | 12.68% |
| Periodic Rate | 1% |
| Daily Rate | 0.032880% |
| Late Fee on Unpaid Balance | 5% |

AMORTIZATION SCHEDULE - Normal Amortization

| Description | Date | Loan | accrued Interest | Late Fee | Payment | Interest | Principal | Late Fee | Interest | Late Fee | Unpaid Balance | LOAN BALANCE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Loan | 4/29/2009 | 125,000.00 | | | | | | | - | | 125,000.00 | 125,000.00 |
| Interest Payment Only | 5/29/2009 | | 1,233.00 | - | 1,250.00 | 1,233.00 | 17.00 | - | - | | 124,983.00 | 124,983.00 |
| Interest Payment Only | 6/29/2009 | | 1,273.93 | - | 1,250.00 | 1,250.00 | - | - | 23.93 | | 124,983.00 | 125,006.93 |
| Interest Payment Only | 7/29/2009 | | 1,233.07 | - | 1,250.00 | 1,250.00 | - | - | 7.00 | | 124,983.00 | 124,990.00 |
| Interest Payment Only | 8/29/2009 | | 1,274.00 | 62.50 | 1,250.00 | 1,250.00 | - | - | 30.99 | 62.50 | 124,983.00 | 125,013.99 |
| Interest Payment Only | 9/29/2009 | | 1,274.24 | 62.50 | 1,250.00 | 1,250.00 | - | - | 55.24 | 125.00 | 124,983.00 | 125,038.24 |
| Loan | 10/29/2009 | 12,500.00 | 1,233.38 | 62.50 | | | | | 62.50 | | 137,483.00 | 138,834.11 |
| | 11/29/2009 | | 1,415.11 | 62.50 | | | | | 1,288.61 | 125.00 | 137,483.00 | 140,311.72 |
| | 12/29/2009 | | 1,384.03 | 62.50 | | | | | 2,703.72 | 187.50 | 137,483.00 | 141,758.26 |
| | 1/29/2010 | | 1,444.91 | 62.50 | | | | | 4,087.76 | 250.00 | 137,483.00 | 143,265.67 |
| | 2/28/2010 | | 1,413.17 | 62.50 | | | | | 5,532.67 | 312.50 | 137,483.00 | 144,741.34 |
| | 3/29/2010 | | 1,380.14 | 62.50 | | | | | 6,945.84 | 375.00 | 137,483.00 | 146,183.98 |
| | 4/29/2010 | | 1,490.02 | 62.50 | | | | | 8,325.58 | 437.50 | 137,483.00 | 147,736.50 |
| | 5/29/2010 | | 1,457.27 | 62.50 | | | | | 9,816.00 | 500.00 | 137,483.00 | 149,256.28 |
| | 6/29/2010 | | 1,521.34 | 62.50 | | | | | 11,273.28 | 562.50 | 137,483.00 | 150,840.12 |
| | 7/29/2010 | | 1,487.89 | 62.50 | | | | | 12,794.62 | 625.00 | 137,483.00 | 152,390.50 |
| | 8/29/2010 | | 1,553.29 | 62.50 | | | | | 14,282.50 | 687.50 | 137,483.00 | 154,006.29 |
| Irregular Payment | 9/22/2010 | | 1,215.29 | - | 10,000.00 | 10,000.00 | - | - | 15,835.79 | 687.50 | 137,483.00 | 145,221.58 |
| | 9/29/2010 | | 334.24 | 62.50 | | | | | 7,051.08 | 750.00 | 137,483.00 | 145,618.33 |
| Irregular Payment | 10/29/2010 | | 1,436.38 | 62.50 | 15,000.00 | 8,821.70 | 5,428.30 | 750.00 | 7,385.33 | 62.50 | 132,054.70 | 132,054.70 |
| | 11/29/2010 | | 1,346.01 | 62.50 | | | | | 1,346.01 | 125.00 | 132,054.70 | 133,463.21 |
| | 12/29/2010 | | 1,316.48 | 62.50 | | | | | 2,662.49 | 187.50 | 132,054.70 | 134,842.19 |
| | 1/29/2011 | | 1,374.42 | 62.50 | | | | | 4,036.91 | 250.00 | 132,054.70 | 136,279.11 |
| Irregular Payment | 2/23/2011 | | 1,120.21 | - | 35,000.00 | 5,157.12 | 29,655.38 | 187.50 | | 312.50 | 102,399.33 | 102,630.17 |
| | 2/28/2011 | | 168.34 | 62.50 | | | | | 168.34 | 62.50 | 102,399.33 | 103,671.27 |
| | 3/29/2011 | | 978.60 | 62.50 | | | | | 1,146.94 | 125.00 | 102,399.33 | 104,790.47 |
| | 4/29/2011 | | 1,056.70 | 62.50 | | | | | 2,203.64 | 187.50 | 102,399.33 | 105,886.62 |
| | 5/29/2011 | | 1,033.65 | 62.50 | | | | | 3,237.30 | 250.00 | 102,399.33 | 107,028.41 |
| | 6/29/2011 | | 1,079.28 | 62.50 | | | | | 4,316.58 | 312.50 | 102,399.33 | |
| Irregular Payment | 7/25/2011 | | 914.96 | - | 39,000.00 | 5,231.54 | 33,455.96 | 312.50 | | | 68,943.37 | 68,943.37 |
| | 7/29/2011 | | 90.67 | 62.50 | | | | | 90.67 | 62.50 | 68,943.37 | 69,096.54 |
| | 8/29/2011 | | 704.29 | 62.50 | | | | | 794.96 | 125.00 | 68,943.37 | 69,863.33 |
| | 9/29/2011 | | 712.10 | 62.50 | | | | | 1,507.06 | 187.50 | 68,943.37 | 70,637.93 |
| | 10/29/2011 | | 696.77 | 62.50 | | | | | 2,203.84 | 250.00 | 68,943.37 | 71,397.21 |
| | 11/29/2011 | | 727.74 | 62.50 | | | | | 2,931.57 | 312.50 | 68,943.37 | 72,187.44 |
| Irregular Payment | 12/2/2011 | | 71.21 | - | 7,300.00 | 3,002.78 | 3,984.72 | 312.50 | | | 64,958.65 | 64,958.65 |
| | 12/29/2011 | | 576.68 | 62.50 | | | | | 576.68 | 62.50 | 64,958.65 | 65,597.83 |
| | 1/29/2012 | | 668.63 | 62.50 | | | | | 1,245.30 | 125.00 | 64,958.65 | 66,328.95 |
| Irregular Payment | 2/3/2012 | | 109.04 | - | 12,500.00 | 1,354.35 | 11,020.65 | 125.00 | | | 53,938.00 | 53,938.00 |
| | 2/29/2012 | | 461.11 | 62.50 | | | | | 461.11 | 62.50 | 53,938.00 | 54,461.60 |



EXHIBIT A

| Description | Date | Loan | accrued Interest | Late Fee | Payment | Interest | Principal | Late Fee | Interest | Late Fee | Unpaid Balance | LOAN BALANCE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Irregular Payment | 3/26/2012 | | 465.58 | - | 10,000.00 | 926.69 | 9,010.81 | 62.50 | - | - | 44,927.18 | 44,927.18 |
| | 3/29/2012 | | 44.32 | 62.50 | - | - | - | - | 44.32 | 62.50 | 44,927.18 | 45,034.00 |
| | 4/29/2012 | | 459.02 | 62.50 | - | - | - | - | 503.34 | 125.00 | 44,927.18 | 45,555.52 |
| | 5/29/2012 | | 449.36 | 62.50 | - | - | - | - | 952.70 | 187.50 | 44,927.18 | 46,067.38 |
| | 6/29/2012 | | 469.56 | 62.50 | - | - | - | - | 1,422.25 | 250.00 | 44,927.18 | 46,599.44 |
| Irregular Payment | 7/29/2012 | | 459.66 | - | 6,000.00 | 1,881.91 | 3,868.09 | 250.00 | - | - | 41,059.09 | 41,059.09 |
| | 8/29/2012 | | 418.51 | 62.50 | - | - | - | - | 418.51 | 62.50 | 41,059.09 | 41,540.10 |
| | 9/29/2012 | | 423.41 | 62.50 | - | - | - | - | 841.92 | 125.00 | 41,059.09 | 42,026.01 |
| | 10/29/2012 | | 414.54 | 62.50 | - | - | - | - | 1,256.46 | 187.50 | 41,059.09 | 42,503.06 |
| Irregular Payment | 11/12/2012 | | 195.65 | - | 1,800.00 | 1,452.11 | 160.39 | 187.50 | - | - | 40,898.71 | 40,898.71 |
| | 11/29/2012 | | 228.61 | 62.50 | - | - | - | - | 228.61 | 62.50 | 40,898.71 | 41,189.81 |
| | 12/12/2012 | | 176.06 | 62.50 | - | - | - | - | 404.67 | 125.00 | 40,898.71 | 41,428.38 |
| | 12/29/2012 | | 231.57 | 62.50 | - | - | - | - | 636.24 | 187.50 | 40,898.71 | 41,722.44 |
| | 1/29/2013 | | 425.27 | 62.50 | - | - | - | - | 1,061.51 | 250.00 | 40,898.71 | 42,210.21 |
| | 2/28/2013 | | 416.36 | 62.50 | - | - | - | - | 1,477.87 | 312.50 | 40,898.71 | 42,689.07 |
| | 3/29/2013 | | 407.05 | 62.50 | - | - | - | - | 1,884.92 | 375.00 | 40,898.71 | 43,158.62 |
| | 4/29/2013 | | 439.91 | 62.50 | - | - | - | - | 2,324.82 | 437.50 | 40,898.71 | 43,661.03 |
| | 5/29/2013 | | 430.67 | 62.50 | - | - | - | - | 2,755.50 | 500.00 | 40,898.71 | 44,154.20 |
| | 6/29/2013 | | 450.05 | 62.50 | - | - | - | - | 3,205.55 | 562.50 | 40,898.71 | 44,666.76 |
| | 7/29/2013 | | 440.59 | 62.50 | - | - | - | - | 3,646.14 | 625.00 | 40,898.71 | 45,169.85 |
| | 8/29/2013 | | 460.41 | 62.50 | - | - | - | - | 4,106.55 | 687.50 | 40,898.71 | 45,692.76 |
| | 9/29/2013 | | 465.74 | 62.50 | - | - | - | - | 4,572.29 | 750.00 | 40,898.71 | 46,220.99 |
| | 10/29/2013 | | 455.92 | 62.50 | - | - | - | - | 5,028.21 | 812.50 | 40,898.71 | 46,739.42 |
| | 11/29/2013 | | 476.41 | 62.50 | - | - | - | - | 5,504.62 | 875.00 | 40,898.71 | 47,278.32 |
| | 12/29/2013 | | 466.35 | 62.50 | - | - | - | - | 5,970.97 | 937.50 | 40,898.71 | 47,807.18 |
| | 1/29/2014 | | 487.29 | 62.50 | - | - | - | - | 6,458.26 | 1,000.00 | 40,898.71 | 48,356.97 |
| | 2/28/2014 | | 476.99 | 62.50 | - | - | - | - | 6,935.25 | 1,062.50 | 40,898.71 | 48,896.46 |
| | 3/29/2014 | | 466.24 | 62.50 | - | - | - | - | 7,401.49 | 1,125.00 | 40,898.71 | 49,425.20 |
| | 4/29/2014 | | 503.78 | 62.50 | - | - | - | - | 7,905.27 | 1,187.50 | 40,898.71 | 49,991.48 |
| | 5/29/2014 | | 493.12 | 62.50 | - | - | - | - | 8,398.39 | 1,250.00 | 40,898.71 | 50,547.09 |
| | 6/29/2014 | | 515.22 | 62.50 | - | - | - | - | 8,913.60 | 1,312.50 | 40,898.71 | 51,124.81 |
| | 7/29/2014 | | 504.30 | 62.50 | - | - | - | - | 9,417.90 | 1,375.00 | 40,898.71 | 51,691.61 |
| | 8/29/2014 | | 526.88 | 62.50 | - | - | - | - | 9,944.78 | 1,437.50 | 40,898.71 | 52,280.99 |
| | 9/29/2014 | | 532.89 | 62.50 | - | - | - | - | 10,477.67 | 1,500.00 | 40,898.71 | 52,876.38 |
| | 10/29/2014 | | 521.57 | 62.50 | - | - | - | - | 10,999.24 | 1,562.50 | 40,898.71 | 53,460.45 |
| | 11/29/2014 | | 544.91 | 62.50 | - | - | - | - | 11,544.16 | 1,625.00 | 40,898.71 | 54,067.86 |
| | 12/29/2014 | | 533.33 | 62.50 | - | - | - | - | 12,077.48 | 1,687.50 | 40,898.71 | 54,663.69 |
| | 1/29/2015 | | 557.18 | 62.50 | - | - | - | - | 12,634.66 | 1,750.00 | 40,898.71 | 55,283.36 |
| | 2/28/2015 | | 545.32 | 62.50 | - | - | - | - | 13,179.97 | 1,812.50 | 40,898.71 | 55,891.18 |
| | 3/29/2015 | | 532.93 | 62.50 | - | - | - | - | 13,712.91 | 1,875.00 | 40,898.71 | 56,486.61 |
| Irregular Pmt 5/1/15 | 4/29/2015 | | 575.76 | 62.50 | 700.00 | 700.00 | - | - | 13,588.66 | 1,937.50 | 40,898.71 | 56,424.87 |
| | 5/29/2015 | | 556.57 | 62.50 | - | - | - | - | 14,145.24 | 2,000.00 | 40,898.71 | 57,043.94 |
| | 6/29/2015 | | 581.44 | 62.50 | - | - | - | - | 14,726.67 | 2,062.50 | 40,898.71 | 57,687.88 |
| Irregular Pmt 7/31/15 | 7/29/2015 | | 569.03 | 62.50 | 700.00 | 700.00 | - | - | 14,595.71 | 2,125.00 | 40,898.71 | 57,619.41 |
| | 8/29/2015 | | 587.30 | 62.50 | - | - | - | - | 15,183.01 | 2,187.50 | 40,898.71 | 58,269.22 |
| | 9/29/2015 | | 593.93 | 62.50 | - | - | - | - | 15,776.94 | 2,250.00 | 40,898.71 | 58,925.64 |
| | 10/29/2015 | | 581.24 | 62.50 | - | - | - | - | 16,358.18 | 2,312.50 | 40,898.71 | 59,569.39 |
| | 11/29/2015 | | 607.18 | 62.50 | - | - | - | - | 16,965.36 | 2,375.00 | 40,898.71 | 60,239.06 |
| Irregular Pmt 12/23/15 | 12/29/2015 | | 594.20 | 62.50 | 700.00 | 700.00 | - | - | 16,859.56 | 2,437.50 | 40,898.71 | 60,195.76 |
| Irregular Pmt 2/4/16 | 1/29/2016 | | 613.56 | 62.50 | 700.00 | 700.00 | - | - | 16,773.12 | 2,500.00 | 40,898.71 | 60,171.83 |

| Description | Date | Loan | accrued Interest | Late Fee | Payment | Interest | Principal | Late Fee | | | | LOAN BALANCE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 2/29/2016 | | 613.32 | 62.50 | | | - | - | 17,386.44 | 2,562.50 | 40,898.71 | 60,847.65 |
| Irregular Pmt 4/14/16 | 3/29/2016 | | 580.19 | 62.50 | 700.00 | 700.00 | - | - | 17,266.63 | 2,625.00 | 40,898.71 | 60,790.34 |
| | 4/29/2016 | | 619.62 | 62.50 | | 700.00 | - | - | 17,886.26 | 2,687.50 | 40,898.71 | 61,472.46 |
| Irregular Pmt 6/6/16 | 5/29/2016 | | 606.36 | 62.50 | 700.00 | 700.00 | - | - | 17,792.62 | 2,750.00 | 40,898.71 | 61,441.33 |
| Irregular Pmt 7/18/16 | 6/29/2016 | | 626.26 | 62.50 | 700.00 | 700.00 | - | - | 17,718.88 | 2,812.50 | 40,898.71 | 61,430.09 |
| | 7/29/2016 | | 605.95 | 62.50 | | | - | - | 18,324.83 | 2,875.00 | 40,898.71 | 62,098.53 |
| Irregular Pmt 9/15/16 | 8/29/2016 | | 632.96 | 62.50 | 1,050.00 | 1,050.00 | - | - | 17,907.79 | 2,937.50 | 40,898.71 | 61,743.99 |
| | 9/29/2016 | | 629.34 | 62.50 | | | - | - | 18,537.13 | 3,000.00 | 40,898.71 | 62,435.84 |
| | 10/29/2016 | | 615.87 | 62.50 | | | - | - | 19,153.00 | 3,062.50 | 40,898.71 | 63,114.20 |
| | 11/29/2016 | | 643.31 | 62.50 | | | - | - | 19,796.31 | 3,125.00 | 40,898.71 | 63,820.01 |
| | 12/29/2016 | | 629.52 | 62.50 | | | - | - | 20,425.83 | 3,187.50 | 40,898.71 | 64,512.03 |
| | 1/29/2017 | | 657.56 | 62.50 | | | - | - | 21,083.39 | 3,250.00 | 40,898.71 | 65,232.09 |
| | 2/28/2017 | | 643.45 | 62.50 | | | - | - | 21,726.84 | 3,312.50 | 40,898.71 | 65,938.04 |
| | 3/29/2017 | | 628.73 | 62.50 | | | - | - | 22,355.57 | 3,375.00 | 40,898.71 | 66,629.27 |
| | 4/29/2017 | | 679.14 | 62.50 | | | - | - | 23,034.71 | 3,437.50 | 40,898.71 | 67,370.91 |
| | 5/29/2017 | | 664.55 | 62.50 | | | - | - | 23,699.25 | 3,500.00 | 40,898.71 | 68,097.96 |
| | 6/29/2017 | | 694.11 | 62.50 | | | - | - | 24,393.36 | 3,562.50 | 40,898.71 | 68,854.57 |
| | 7/29/2017 | | 679.18 | 62.50 | | | - | - | 25,072.54 | 3,625.00 | 40,898.71 | 69,596.25 |
| | 8/29/2017 | | 709.38 | 62.50 | | | - | - | 25,781.92 | 3,687.50 | 40,898.71 | 70,368.13 |
| | 9/29/2017 | | 717.25 | 62.50 | | | - | - | 26,499.17 | 3,750.00 | 40,898.71 | 71,147.88 |
| | 10/29/2017 | | 701.80 | 62.50 | | | - | - | 27,200.98 | 3,812.50 | 40,898.71 | 71,912.18 |
| | 11/29/2017 | | 732.99 | 62.50 | | | - | - | 27,933.96 | 3,875.00 | 40,898.71 | 72,707.67 |
| | 12/29/2017 | | 717.19 | 62.50 | | | - | - | 28,651.15 | 3,937.50 | 40,898.71 | 73,487.36 |
| | 1/29/2018 | | 749.04 | 62.50 | | | - | - | 29,400.19 | 4,000.00 | 40,898.71 | 74,298.90 |
| | 2/28/2018 | | 732.88 | 62.50 | | | - | - | 30,133.08 | 4,062.50 | 40,898.71 | 75,094.28 |
| | 3/29/2018 | | 716.04 | 62.50 | | | - | - | 30,849.12 | 4,125.00 | 40,898.71 | 75,872.82 |
| | 4/29/2018 | | 773.36 | 62.50 | | | - | - | 31,622.47 | 4,187.50 | 40,898.71 | 76,708.68 |
| | 5/29/2018 | | 756.65 | 62.50 | | | - | - | 32,379.13 | 4,250.00 | 40,898.71 | 77,527.83 |
| | 6/29/2018 | | 790.23 | 62.50 | | | - | - | 33,169.35 | 4,312.50 | 40,898.71 | 78,380.56 |
| | 7/29/2018 | | 773.10 | 62.50 | | | - | - | 33,942.50 | 4,375.00 | 40,898.71 | 79,216.20 |
| | 8/29/2018 | | 807.43 | 62.50 | | | - | - | 34,749.93 | 4,437.50 | 40,898.71 | 80,086.14 |
| | 9/29/2018 | | 816.30 | 62.50 | | | - | - | 35,566.23 | 4,500.00 | 40,898.71 | 80,964.94 |
| | 10/29/2018 | | 798.64 | 62.50 | | | - | - | 36,364.87 | 4,562.50 | 40,898.71 | 81,826.08 |
| | 11/29/2018 | | 834.04 | 62.50 | | | - | - | 37,198.91 | 4,625.00 | 40,898.71 | 82,722.62 |
| | 12/29/2018 | | 815.98 | 62.50 | | | - | - | 38,014.89 | 4,687.50 | 40,898.71 | 83,601.09 |
| | 1/29/2019 | | 852.13 | 62.50 | | | - | - | 38,867.02 | 4,750.00 | 40,898.71 | 84,515.72 |
| | 2/28/2019 | | 833.66 | 62.50 | | | - | - | 39,700.68 | 4,812.50 | 40,898.71 | 85,411.88 |
| | 3/29/2019 | | 814.42 | 62.50 | | | - | - | 40,515.10 | 4,875.00 | 40,898.71 | 86,288.80 |
| | 4/29/2019 | | 879.52 | 62.50 | | | - | - | 41,394.62 | 4,937.50 | 40,898.71 | 87,230.83 |
| | 5/29/2019 | | 860.44 | 62.50 | | | - | - | 42,255.07 | 5,000.00 | 40,898.71 | 88,153.77 |
| | 6/29/2019 | | 898.53 | 62.50 | | | - | - | 43,153.60 | 5,062.50 | 40,898.71 | 89,114.81 |
| | TOTALS | 137,500.00 | 93,164.81 | 7,250.00 | 148,800.00 | 50,011.21 | 96,601.29 | 2,187.50 | | | | |
| | Grand Totals | | | | | | | | | | | |